IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06-cr-129-MHT |
| | ) | |
| **WILLIAM LEWIS CASH** | ) | |
| | ) | |

### UNITED STATES'S RESPONSE TO
### MOTION TO TERMINATE TERM OF PROBATION

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files its response to the Defendant William Lewis Cash's Motion to Terminate Term of Probation as follows:

1. On April 8, 2008, Defendant William Lewis Cash filed a Motion for Release from Probation. In the Motion, Cash documented his successful transition to his period of supervised release.

2. Cash has been on supervised release for a little over two years of his four year term. Under 18 U.S.C. § 3583(e)(1), after considering the factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release in which the defendant has already served at least one year. Before terminating supervised release, however, the Court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.*

3. While the Government lauds Cash's mostly successful transition after incarceration, supervised release was not only designed to facilitate training and rehabilitation, including restitution, *see Johnson v. United States*, 529 U.S. 694, 709 (2000), but also to consider the nature and circumstances of the offense, deterrence, public protection, correctional

treatment, the guideline range established for the offense, pertinent government policies, and uniformity of sentences among defendants committing the same types of crimes.  *See* 18 U.S.C. §§ 3553(a), 3583(e)(1).  Given the seriousness of the offenses that Cash pleaded guilty to and the relatively short amount of time he has been under supervision,  the United States believes that termination of the rest of his supervision is premature.

      4.      Moreover, as the U.S. Probation Office has noted in its response, Doc. #5, one of the conditions of Cash's term of supervised release is that he pay his outstanding child support.  As of April 10, 2008, Cash has an outstanding balance of $45,635.18 owed to the Alabama Department of Human Resources in child support and interest.  *Id.*  Cash's failure to his children and to comply with the requirements of his supervised release demonstrate that he is not ready to be terminated from his term of supervised release.

      5.      The Government therefore requests that Cash's Motion be denied with leave to refile the motion at a later time, should Cash pay his outstanding child support and interest in full and continue to successfully meet the other conditions of his supervision.  Further, Government request that the Court deny the Motion without an evidentiary hearing.  *United States v. Reagan*, 162 Fed.Appx. 912, 913, 2006 WL 93242, *2 (11th Cir. 2006) (district court was not required to hold an evidentiary hearing before denying defendant's motion); *see also United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003) (explaining that the terms of Rule 32.1(c) do "not compel the court to hold a hearing before refusing a request for modification").

      Respectfully submitted this 17th day of April, 2008.

                              LEURA G. CANARY
                              UNITED STATES ATTORNEY

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: christopher.a.snyder@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the defendant and all counsel of record.

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney